IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GENERAL PRODUCTS MACHINE SHOP, INC., | Case No. CV-06-99-E-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| SYSTEMATIC INC., | |
| Defendant. | |

## INTRODUCTION

The Court has before it Defendant Systematic's Motion to Dismiss Or, in the Alternative, To Stay (Docket No. 6).  Because an action involving the same legal and factual disputes was filed in the District of Oregon before this action was filed, the Court will, pursuant to the first-to-file rule, grant Systematic's motion to dismiss.

## BACKGROUND

For approximately seven years, GPMS and Systematic had an ongoing business relationship.  During those seven years, Systematic ordered machined parts from GPMS for all of its customers.  On average, GPMS shipped about $500,000 worth of goods to Systematic annually.  This lawsuit arises from goods and services

Memorandum Decision & Order - page   1

GPMS provided to Systematic from January 1, 2005 through November 29, 2005.

After Systematic's last payment of $30,000 on December 6, 2005, Systematic still owed GPMS $123,664.62.  Between December 14, 2005 and January 27, 2006, GPMS and Systematic engaged in numerous communications in an attempt to settle the dispute.  However, negotiations failed and Systematic filed suit in the United States District Court for the District of Oregon on Friday, January 27, 2006, at approximately 4:45 p.m.  The following week, on Wednesday, February 1, 2006, at 12:50 p.m., GPMS filed suit in Idaho state court.  Systematic later removed the Idaho lawsuit to this Court on March 6, 2006.

## ANALYSIS

The Court will dismiss this case because the first-to-file rule applies.  Both this Court and the Oregon court have jurisdiction to hear the case, and no equitable purpose would be served by proceeding with the Idaho case.

## I.     First-to-File Rule

Under the first-to-file rule, "when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy."  *Cedars-Sinai Medical Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997).  The first-to-file rule "should not be disregarded lightly."  *Church of*

*Scientology of Cal. v. U.S. Dep't. of the Army*, 611 F.2d 738, 750 (9th Cir. 1979). The court that first acquires jurisdiction should try the case when "no purpose would be served by proceeding with a second action." *Pacesetter Sys., Inc. v. Medtronic, Inc.,* 678 F.2d 93, 95 (9th Cir. 1982).

In this case, it is undisputed that Systematic filed suit in Oregon before GPMS filed suit in Idaho.  GPMS, however, argues that this Court should hear this case because the two cases do not contain the same parties and/or the same issue, and therefore the cases are not identical.

### A.   Same Parties

"The parties in the two actions need not be identical for purposes of the first-to-file rule, but there must be similarity or substantial overlap."  *See Walker v. Progressive Cas. Ins. Co.*, 2003 WL 21056704, *2 (W.D. Wash., 2003).[1]  The

---

[1] The idea that the parties need not be identical also finds support in *Colo. River Water Conservation Dist. v. U. S.*, 424 U.S. 800 (1976), where the Supreme Court stated that circumstances permitting a federal court to defer to another federal court are broader than circumstances justifying federal court deferral to a state proceeding.  Similarly, the Ninth Circuit has not required that parties or issues be identical in order to justify federal court deferral to a state action. *See, e.g., Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989).  It follows that it is proper for a federal district court to defer to another federal district court where the parties and issues are not exact, but substantially similar.  This reasoning is also supported by the fact that the first-to-file rule "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter*, 678 F.2d at 95.

Memorandum Decision & Order - page   3

parties in this case are the same as the parties in the Oregon case, except that, in the Oregon case, Systematic added Bill Underwood as an additional party. Mr. Underwood owns GPMS, he runs the corporation, and when acting in his official capacity, for all intent and purposes, he is the company. Thus, it is clear that there is similarity and substantial overlap in the parties, and this Court finds that the cases involve the same parties for purposes of the first-to-file rule.

**B.     Same Issue**

In determining whether the cases involve the same issue, "it is enough that the overall content of each suit is not very capable of independent development, and will be likely to overlap to a substantial degree." *Cal. Sec. Co-Op, Inc. v. Multimedia Cablevision, Inc.*, 897 F. Supp. 316, 317-18 (E.D. Tex. 1995) (internal quotations and citations omitted). "The cases need not be identical to be duplicative." *Id*.

The two actions here involve essentially the same subject matter. In the Idaho case, GPMS seeks to collect Systematic's outstanding debt, and in the Oregon case, Systematic seeks a declaratory judgment that it does not owe GPMS the full amount on that debt. Thus, even though Systematic has added a claim alleging that GPMS breached the non-disclosure agreement in the Oregon case, the Court finds that the overall content of each suit is not capable of independent development, and

Memorandum Decision & Order - page   4

will be likely to overlap to a substantial degree.  Moreover, "the form of relief sought does not determine the similitude of the issues."  *Isle Capital Corp. v. Koch Carbon, Inc.*, 2006 WL 823186, *3 (N.D. Cal. 2006).  Thus, the cases involve the same issue for purposes of the first-to-file rule.

### C. First-to-File Exceptions Do Not Apply

Although Systematic filed first, and the two lawsuits contain the same parties and issue, this Court should not automatically relinquish its authority to try the case. "Where the threshold factors of the first-to-file rule are met, a district court nonetheless has the discretion to dispense with the rule for reasons of equity." *Alltrade, Inc., v. Uniweld Products, Inc.*, 946 F.2d 622, 625-26 (9th Cir. 1991).  The circumstances under which an exception to the first-to-file rule will typically be made include bad faith, anticipatory suit, and forum shopping.  *Id.* at 628; *see also Isle Capital Corp. v. Koch Carbon, Inc.*, 2006 WL 823186, *3 (N.D. Cal. 2006). Again, "the 'first-to-file rule' is not a rigid or inflexible rule to be mechanically applied . . . rather is to be applied with a view to the dictates of sound judicial administration."  *Pacesetter,* 678 F.2d at 95.  "Circumstances and modern judicial reality . . . may demand that we follow a different approach from time to time." *Church of Scientology*, 611 F.2d at 750.

In this case, the Court has some concern as to Systematic's motives for filing

Memorandum Decision & Order - page   5

the Oregon case. It is curious that Systematic would choose to resolve a contract dispute through a declaratory judgment action. However, a mere hint of "bad faith, anticipatory suit, and forum shopping," is not sufficient justify dispensing with the first-to-file rule.

Overall, the Oregon and Idaho lawsuits involve the same parties and same issue, and the Court does not find bad faith, anticipatory suit, or forum shopping on the part of Systematic. Thus, the Court finds that the first-to-file rule applies to this case.

## II.   Jurisdiction & Venue

GPMS also argues that this Court should deny Systematic's motion because the Oregon court lacks jurisdiction to try the case. However, the Oregon court recently determined that it has jurisdiction over the matter. (Docket No. 20). Thus, it is clear that personal jurisdiction, venue, and subject matter jurisdiction are established in the Oregon court.

## III.  Weighing Equity

Finally, having found the first-to-file rule applicable, this Court has discretion to determine whether this action should be transferred, stayed, or dismissed this case in the interest of efficiency and judicial economy. *See Cedars-Sinai*, 125 F.3d at 769. The Court finds that there are at least four reasons why this Court should

Memorandum Decision & Order - page   6

dismiss this case as opposed to transferring or staying it.

First, Oregon has accepted jurisdiction to try the case. Second, "[a]rguments concerning the convenience of witnesses and the parties are properly addressed, in the first instance, to the court in the first-filed action." *Isle Capital Corp.*, 2006 WL 823186, *4 (citing *Pacesetter*, 678 F.2d at 96). Thus, the Oregon court should address convenience arguments, not this Court. Third, according to the contracts, this case should be governed by Oregon law, and although this Court could apply the Oregon law, time and judicial resources would be more efficiently spent if the Oregon court tried the case. Finally, the Oregon case will dispose of all issues addressed in this case, and there is simply no reason to leave this case pending in this Court.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Or, in the Alternative, To Stay (Docket No. 6) shall be, and the same is hereby, GRANTED, and that this case be dismissed in its entirety.

The Court will enter a separate Judgment as required by Federal Rule of Civil Procedure 58.

DATED: **July 20, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court